**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL SECURITY COUNSELORS, *et al.*, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| CENTRAL INTELLIGENCE AGENCY Washington, DC  20505, | * * * | Civil Action No. 1:12-cv-284 (BAH) |
| and | * * | |
| OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE Washington, DC  20511, | * * * * | |
| Defendants. | * * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**<u>FIRST AMENDED COMPLAINT</u>**

Plaintiffs National Security Counselors, Kathryn Sack, Jeffrey Stein, and Mark Zaid, and

where appropriate all other similarly situated individuals, bring this action against Defendants

Central Intelligence Agency and Office of the Director of National Intelligence pursuant to the

Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Administrative

Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"), the Independent Offices Appropriations Act, 31

U.S.C. § 9701 ("IOAA"), the Mandamus Act, 28 U.S.C. § 1361, the Federal Declaratory

Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

**<u>JURISDICTION</u>**

1.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2.      Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 703 and 28 U.S.C. § 1391.

**PARTIES**

3.      Plaintiff National Security Counselors ("NSC") is a non-profit organization under the laws of the Commonwealth of Virginia and has the ability to disseminate information on a wide scale.

4.      Plaintiff Kathryn Sack ("Sack") is a U.S. citizen and is a resident of the Commonwealth of Virginia.

5.      Sack is a Ph.D. student at the University of Virginia working on her dissertation on polygraph bias.  The Director of Graduate Studies for the Department of Politics has authorized her to file FOIA requests as a representative of that institution.  She is therefore considered a representative of an educational or noncommercial scientific institution whose purpose is scholarly or scientific research within the meaning of 5 U.S.C. § 552(a)(4)(A).

6.      Plaintiff Jeffrey Stein ("Stein") is a U.S. citizen and is a resident of the District of Columbia and is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

7.      Plaintiff Mark Zaid ("Zaid") is a U.S. citizen and is a resident of the state of Maryland.

8.      Similarly situated individuals include anyone who, within one year of the filing of this Complaint, submitted to the defendant Central Intelligence Agency ("CIA") a request for Mandatory Declassification Review seeking classification review of records under the control and authority of CIA and whose request CIA refused to process by way of reliance upon an unlawfully-promulgated requirement that the individual commit upfront to pay applicable fees.

2

9.      Defendant CIA is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs, and all similarly situated individuals, which are the subject of this action.

10.      Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs.

## CLASS ACTION ALLEGATIONS

11.      Counts 1 and 2 of this action are brought by NSC, Stein, and Zaid (collectively "MDR Plaintiffs") on their own behalf and on behalf of the class of all others similarly situated under the provisions of Fed. R. Civ. P. 23(a) and (b).

12.      The class so represented by MDR Plaintiffs in this action, and of which they are members, consists of anyone who submitted to CIA since 23 September 2011 a request for Mandatory Declassification Review seeking declassification review of records under the control and authority of CIA and whose request CIA refused to process by way of reliance upon an unlawfully-promulgated requirement that the individual commit upfront to pay applicable fees.

13.      The exact number of members of the class, as hereinabove identified and described, is not known, but it is reasonable to believe the class is so numerous that joinder of individual members is impractical.

14.      The relief sought is common to the entire class, and there are common questions of law and fact that relate to and affect the rights of each member of the class.  These common questions include and involve whether CIA failed to properly promulgate its new regulation authorizing it to refuse to process MDR requests without an upfront commitment to pay all

applicable fees, as well as whether that new policy itself is unlawful.  Certain defenses raised by CIA would apply equally to all members of the class.

15.     The claims of MDR Plaintiffs against CIA are typical of the claims of the class in that the claims of all members of the class depend on a showing of the acts of CIA as giving rise to rights to the relief sought herein.  There is no conflict as between MDR Plaintiffs and other members of the class with respect to this action, or with respect to the claims for relief contained herein.

16.     MDR Plaintiffs are representative parties for the class and are able to and will fairly and adequately protect the interests of the class.  The attorneys for MDR Plaintiffs are experienced and capable in litigating the claims at issue and have successfully represented claimants in other MDR matters of this nature.  Attorneys Kel McClanahan of NSC and Bradley P. Moss of the Law Office of Mark S. Zaid, P.C., who have a combined nine years' worth of experience handling both MDR requests and APA litigation, will actively conduct and be primarily responsible for the conduct of the action on behalf of the plaintiff class.

17.     This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of others not party to the adjudications, or would substantially impair or impede their ability to protect their interests.

18.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

## (CIA – NSC/STEIN/ZAID – APA – FAILURE TO PROPERLY PROMULGATE REGULATIONS)

19.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

20.     On 16 June 1997 CIA published an Interim Rule in the *Federal Register* which, in pertinent part, set forth the rules governing its FOIA and Mandatory Declassification Review ("MDR") programs.  *See* 62 Fed. Reg. 32495 (June 16, 1997).  These regulations were subsequently entered into the Code of Federal Regulations as 32 C.F.R. Parts 1900 and 1908. These remain the governing regulations for CIA's FOIA and MDR programs.

21.     32 C.F.R. § 1900.13 describes CIA's fee structure for FOIA requests, including the requirements: a) that only commercial requesters are to be charged review fees; b) that representatives of the news media and representatives of educational institutions are not to be charged search fees; c) that all other non-commercial requesters are entitled to two free hours of search time and 100 pages of duplications free of charge; and d) that fee waivers are to be awarded when release of the information requested would be in the public interest.

22.     32 C.F.R. § 1908.13 states: "[MDR] [r]equests made directly to this Agency will be liable for costs in the same amount and under the same conditions as specified in 32 CFR part 1900."

23.     Upon information and belief, prior to 23 September 2011, CIA rarely if ever charged fees to process MDR requests.  Of the multiple frequent MDR requesters surveyed by Plaintiffs, none recalled ever being charged by CIA for MDR requests.

24.     On 23 September 2011 CIA published in the *Federal Register* a purported "Final Rule" attempting to modify 32 C.F.R. Part 1908.  76 Fed. Reg. 59032 (Sept. 23, 2011).  CIA did not subject this rule to public notice and comment prior to promulgating it as a Final Rule.  *Id.* at 59033 ("This rule is being issued as a final rule without prior notice of proposed rulemaking as allowed by the Administrative Procedure Act for rules of agency procedure and interpretation.")

25.     76 Fed. Reg. 59032 purported to replace the fee language of 32 C.F.R. § 1908.13, which stated that MDR requests would be governed by FOIA fee regulations, with the newly added 32 C.F.R. § 1908.14, which, *inter alia*, established a new fee structure radically different than the FOIA fee structure and mandated that CIA would only process an MDR request if the requester agreed to pay all search, review, and duplication fees.  Because CIA issued this as a Final Rule, it was immediately entered into the Code of Federal Regulations upon publication in the *Federal Register*.

26.     Shortly after publishing this new rule, CIA began responding to MDR requests with demands that requesters commit to pay all search, review, and duplication fees at the new fee schedule described in 32 C.F.R. § 1908.14.

27.     On 7 December 2011 NSC submitted MDR Request No. EOM-2012-00472 to CIA.  NSC's request letter made no mention of fees, relying as it did on CIA's long practice of not charging MDR fees.

28.     On 14 December 2011 CIA responded to Request No. EOM-2012-00472 with the following demand:

> We can search for and review the material you requested, but must advise
> you that Executive Order 13256 authorizes agencies to collect fees for records

services.  Therefore, you will be responsible for the full direct costs for searching, reviewing, and duplicating responsive records.

Additional review fees, however, will depend upon the number of documents we find and copying fees will depend upon the number of releasable documents.  Reproduction costs are fifty cents per page.  In addition, there is a minimum fee of $15 for reproduction costs.  For your information, we are enclosing a copy of our fee schedule.

Search fees are assessable even if we find no records, or, if we find any, we determine that we cannot release them.  Consequently, we will charge you even if our search results are negative or if we cannot release any information.  Accordingly, we will need your commitment to pay applicable fees before we can proceed.  We will hold your request in abeyance for 45 days from the date of this letter pending your response.

29.     On 16 December 2011 NSC submitted MDR Request No. EOM-2012-00518 to CIA.  Relying on the fact that CIA had not properly promulgated the new 32 C.F.R. § 1908.14 through notice and comment, NSC's request letter stated:

Because the Central Intelligence Agency assesses fees for MDR requests in the same manner in which it assesses fees for FOIA requests, we hereby state for the record that we have no commercial interest in this record, that we are a non-profit organization organized under Section 501(c)(3) of the tax code, and that we will post this record on our website for public access free of charge.  We therefore qualify as an "all other" requester as defined in 32 C.F.R. § 1900.13(i)(3).  As

such, we do not agree to pay any fees, as this document can be easily located and

is no more than five pages long.

30.     On 22 December 2011 CIA responded to Request No. EOM-2012-00518, stating,

"For your information the Central Intelligence Agency does not assess fees for mandatory

declassification review requests in the same manner in which it assesses fees for Freedom of

Information Act requests for there are no fee categories in processing MDRs; therefore, we

cannot place you in the 'all other' category as requested."  CIA then repeated the language used

in its response to Request No. EOM-2012-00472.

31.     On 4 January 2012 Zaid submitted MDR Request No. EOM-2012-00574 to CIA.

Zaid's request letter stated:

> Because the Central Intelligence Agency assesses fees for MDR requests in the
>
> same manner in which it assesses fees for FOIA requests, I hereby state for the
>
> record that Mr. Zaid has no commercial interest in these records.  He therefore
>
> qualifies as an "all other" requester as defined in 32 C.F.R. § 1900.13(i)(3).  As
>
> such, he does not agree to pay any fees, as these documents can be easily located
>
> and are less than 100 pages long.

32.     Zaid's request letter also stated:

> According to 32 C.F.R. § 1908.13, "[MDR] Requests made directly to this
>
> Agency will be liable for costs in the same amount and under the same conditions
>
> as specified in 32 CFR part 1900."  I am aware that the CIA has recently
>
> attempted to replace this regulation with 32 C.F.R. § 190[8].14[1] (see 76 Fed. Reg.

---

[1] Zaid's request letter mistakenly referred to the new regulation as 32 C.F.R. § 1900.14, but the context was clear.

59032 (Sept. 23, 2011)), but since that regulation was not promulgated through proper notice and comment rulemaking, the governing regulation remains the original 32 C.F.R. § 1908.13.

33.     On 12 January 2012 CIA responded to Request No. EOM-2012-00574, using the exact same language used in its response to Request No. EOM-2012-00518.

34.     On 9 January 2012 Stein submitted Request No. EOM-2012-00638 to CIA. Stein's request letter stated:

> I am a journalist with a long history of national security investigative reporting.  I launched CQ's Homeland Security daily in 2002 and served as national security editor.  I am a frequent contributor to national magazines and Op-ed pages over the years, and served as deputy foreign editor for UPI during the 1980s.  I have appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues, and my SpyTalk blog is one of the most recognized national security news blogs in existence.  As such, I expect that I will not be charged any search or review fees, in accordance with the CIA's regulations.  I am willing to commit to pay all duplication fees at the rate of 10 cents/page after the first 100 pages, which are to be provided free of charge, in accordance with the CIA's regulations.

35.     On 20 January 2012 CIA responded to Request No. EOM-2012-00638, using the exact same language used in its response to Request No. EOM-2012-00472.  CIA's letter made no mention of Stein's request for classification as a representative of the news media.

36.     Other frequent MDR requesters not party to this lawsuit have confirmed similar treatment by CIA.  The National Security Archive has confirmed that since 6 December 2011, its

first recorded instance of this response, it has received identical letters from CIA in response to nine MDR requests filed since 10 November 2011.

37.     Upon information and belief, CIA now demands that each and every MDR requester commit to paying all search, review, and duplication fees using the new fee schedule before it will accept an MDR request.

38.     CIA's original regulation 32 C.F.R. § 1908.13 established that MDR requesters would be charged fees according to CIA's FOIA fee guidelines.  CIA violated the APA by publishing a Final Rule substantially altering this regulation without first issuing a Proposed Rule subject to notice and comment.  76 Fed. Reg. 59032 does not meet the narrow requirements for an interpretative rule that is exempt from the notice and comment requirement.

39.     Plaintiffs are therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under the APA and that the purported Final Rule published at 76 Fed. Reg. 59032 is null and void.  Plaintiffs are also entitled to relief in the form of an injunction compelling CIA to process all MDR requests submitted since 23 September 2011 according to the requirements of the original 32 C.F.R. § 1908.13 and prohibiting CIA from deviating from this regulation until it has properly promulgated a new regulation according to the procedures established in the APA.

## SECOND CAUSE OF ACTION

## (CIA – NSC/STEIN/ZAID – APA/MANDAMUS/IOAA – VIOLATION OF IOAA)

40.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

41.     Executive Order 13526 is silent on the issue of whether agencies can charge fees to MDR requesters.

42.     The IOAA authorizes agencies to collect fees for services according to established guidelines.  Agencies may not collect fees from individual parties for services which benefit the public generally.  *See National Cable Television Assn., Inc. v. United States*, 415 U.S. 336, 342 (1974).

43.     Declassification and release of government records which no longer meet the requirements of E.O. 13526 benefits the public generally.  *See* E.O. 13526 ("Our democratic principles require that the American people be informed of the activities of their Government. Also, our Nation's progress depends on the free flow of information both within the Government and to the American people.")  CIA's attempt to charge fees for this public service is in direct violation of the IOAA as interpreted by the U.S. Supreme Court.

44.      The prohibition against charging fees for services which benefit the public generally is non-discretionary.  CIA's proposed policy of charging fees to process MDR requests is in violation of the IOAA.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

45.     CIA is violating its clearly mandated ministerial duty under applicable case law, thereby harming Plaintiffs by charging fees for MDR requests.

46.     The Court may draw its authority to remedy this policy either from the APA or the IOAA.

47.     Plaintiffs are being materially harmed by this practice because their legitimate MDR requests are being denied because they will not commit to paying illegal fees to process the requests.

48.     Plaintiffs stand to continue to be harmed by this ongoing policy in the future, as they regularly file MDR requests with CIA and will continue to do so in the future.

49.     Plaintiffs have a direct interest in ensuring that agencies process MDR requests in accordance with federal law.

50.     Plaintiffs are therefore entitled to relief in the form of either: (a) a declaratory order that CIA is in violation of its statutory responsibilities under the IOAA and an injunction prohibiting CIA from charging fees for MDR requests; or (b) a writ of mandamus ordering CIA to comply with the applicable case law governing the IOAA and accordingly process MDR requests free of charge.

**THIRD CAUSE OF ACTION**

**(CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2012-00432)**

51.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

52.     On 12 December 2011 NSC submitted to CIA a FOIA request for "all CIA records documenting the decisionmaking process behind the decision to forgo notice and comment rulemaking for [three] rules [published in the *Federal Register* without notice and comment], including, *but not limited to*, all legal analyses of the applicability or inapplicability of 5 U.S.C. 553(b)(3)(A)."

53.     On 23 December 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00432.  In this letter, CIA stated, "We will search for records existing through the date of this acceptance letter."

54.     On 29 December 2011 NSC sent a letter containing the following to CIA:

I have received your 23 December 2011 letter regarding the above indicated FOIA request.  Your letter states, "We will search for records existing through the date of this acceptance letter."  However, this is not acceptable.  The

request letter specifically stated in bold italics at the top of the letter: "***This
request is not to be limited to records created prior to the date of your
acknowledgement letter.***"  It later stated, in the body of the letter:

> Finally, please consider this letter an affirmative rejection of any limitation
> of your search to records created prior to the date of this request.  To the
> contrary, we stipulate that this search should be restricted to records
> created prior to the date of the CIA's commencement of the search for
> records (as opposed to the date that receipt of the request was
> acknowledged by the CIA).

> Please confirm that you will search for records existing through the date
> that you commence your search for records, and that your previous statement was
> an administrative error and not a refusal to abide by the terms of our request.

55.     On 2 February 2012 CIA informed NSC, in the context of another FOIA request
not included in this case, "With regard to your affirmative rejection of any limitations pertaining
to our search cutoff date you are asking that we expand our searches to the date the search
commences.  We have considered your objection, but must advise you that this is our current
practice."  Based upon this statement, upon information and belief it would be futile to
administratively appeal the imposition of a date-of-acceptance-letter cut-off.

56.     As of this writing, CIA has not issued a final determination for this request.

57.     As twenty working days have elapsed without a substantive determination by
CIA, NSC has exhausted all required administrative remedies.

58.     NSC has a legal right under FOIA to obtain the information it seeks, and there is
no legal basis for the denial by CIA of said right.  NSC has a further legal right under FOIA to

the use of a reasonable "cut-off" date by CIA, and a blanket date-of-acceptance-letter cut-off date does not satisfy that right.

## FOURTH CAUSE OF ACTION

## (CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2012-00632, UNKNOWN NO. 1)

59.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

60.      On 19 January 2012 NSC submitted to CIA a FOIA request for all response letters sent to MDR requesters for requests numbered EOM-2012-00300 and higher.

61.     On 9 February 2012 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00632.  In this letter, CIA stated, "We will search for records existing through the date of this acceptance letter."

62.     On 21 February 2012 NSC wrote to CIA to clarify the scope of this request, stating, "Please add the following secondary definition to Request No. F-2012-00632: 'If an MDR request with a number within this range is a referral from another government agency, 'initial response letter' is defined as the first piece of correspondence (including email) sent to the referring agency in response to the referral, regardless of its content.'"

63.     On 21 February 2012 NSC submitted to CIA a FOIA request for all response letters sent to MDR requesters for requests numbered EOM-2011-01400 through EOM-2012-00299.  This request included the same secondary definition of "initial response letter" as stated above.

64.     CIA has not provided NSC with an acknowledgement of this request.

65.     As of this writing, CIA has not issued a final determination for either of these requests.

66.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

67.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.  NSC has a further legal right under FOIA to the use of a reasonable "cut-off" date by CIA, and a blanket date-of-acceptance-letter cut-off date does not satisfy that right.

## FIFTH CAUSE OF ACTION

### (CIA – NSC – FOIA – REQUIRING COMMITMENT FOR ALL FEES)

68.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

69.     On 6 September 2011 NSC submitted FOIA Request Nos. F-2011-02160 and F-2011-02162 to CIA.  On 14 September 2011 NSC submitted FOIA Request Nos. F-2011-02246, F-2011-02248, and F-2011-02265 to CIA.

70.     On 29 September 2011 CIA responded to these five requests, stating in each letter:

We determined that your request falls into the "all other" fee category, which may require you to pay charges to cover the cost of searching for and reproducing responsive records (if any) beyond the first 100 pages of reproduction and the first two hours of search time, which are free.  Copies are ten cents per page.  Since you state for the record your unwillingness to pay any fees, we will need your commitment to pay all applicable fees before we can proceed with our searches.

15

We will hold your request in abeyance for 45 days from the date of this letter pending your response.

71.     On 4 October 2011 NSC wrote to CIA requesting clarification, asking:

First [your letter] says (rightly) that we are *entitled* to two hours of search time and 100 pages of reproduction *free of charge*.  This is in accordance with FOIA, so we have no objection to it.  However, it then says that you will not proceed with your search until we promise to pay *all applicable fees*.  Please confirm that you mean that you *will* conduct the first two hours of search regardless of our promise to pay, since we are entitled to that by law, and that you will *not* conduct any *further* searches absent a promise to pay.  But that you will *not* be holding our requests in abeyance before you conduct that first two hours of search, since we are entitled to two free hours of search time per request even if we never answer you.

72.     On 7 October 2011 CIA replied to NSC, stating:

For your information, it is not possible to limit our searches for records on a particular topic to precisely two hours.   Because some of the searches are automated, whereas others are not, the total search effort cannot be limited in an arbitrary way, such as the maximum amount that can be performed as you requested.  There are no provisions in the fee categories for two hours free search per se. A request in the "all other" category is subject to all of the provisions contained in this fee category.  This means that you must agree to pay search costs beyond the first two hours of search time, and copying costs beyond the first 100 pages of any releasable documents with a check drawn on a U.S. bank or

subsidiary in U.S. dollars.  Otherwise, your request would not meet the conditions of this category as defined by law.  We can take no further action on your request unless we receive your fee commitment as described above.

73.     CIA also issued this response to twenty-six other FOIA requests filed by NSC on 14 September 2011, but later waived all fees for those requests as an act of administrative discretion after NSC appealed CIA's denials of its fee waiver requests.

74.     Upon information and belief, CIA's refusal to provide two free hours of search time to "all other" requesters who refuse to pay any fees represents an ongoing policy, practice, or Standard Operating Procedure ("SOP").  CIA's subsequent decision to waive all fees for twenty-six of these requests as an act of administrative discretion did not constitute a reversal of its position on the issue of NSC's entitlement to two free hours of search time.

75.     A policy, practice, or SOP of refusing to provide two free hours of search time to "all other" requesters is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

76.     As a frequent FOIA requester to CIA, NSC stands to continue to be harmed by this ongoing practice in the future.

77.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to provide "all other" requesters with two free hours of search time regardless of whether or not they commit to paying any fees.

## SIXTH CAUSE OF ACTION

## (CIA – NSC – FOIA – CHARGING SEARCH FEES FOR AUTOMATED SEARCHES)

78.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

79.    CIA's 7 October 2011 letter to NSC argues, in pertinent part, that the reason that searches cannot be limited to a set amount of time is because some of the searches are automated.

80.    The fact that some of the searches are automated has no bearing on the length of the search for fee purposes unless CIA counts the time that a computer takes to perform an automated search with no human participation as part of the search time.

81.    Upon information and belief, CIA's reference to automated searches indicates an ongoing policy, practice, or SOP.

82.    A policy, practice, or SOP of counting for fee purposes the time spent by a computer performing an automated search with no human participation is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

83.    NSC stands to continue to be harmed by this ongoing policy in the future, as it regularly files FOIA requests with CIA and will continue to do so in the future.

84.    NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to only count time for fee purposes spent by humans conducting searches.

## SEVENTH CAUSE OF ACTION

### (CIA – NSC – FOIA – RECORDS DENIAL – F-2010-00076)

85.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

86.     On 8 October 2009 NSC submitted to CIA a FOIA request for all declarations and affidavits filed by the Director of Central Intelligence ("DCI") or his designee in multiple federal court cases.

87.     On 17 December 2009 CIA acknowledged receipt of this request and assigned it Request No. F-2010-00076.

88.     On 5 November 2010 CIA released eight documents to NSC and withheld an unknown number of documents citing Exemptions (b)(1) and (b)(3).

89.     On 11 November 2010 NSC appealed the adequacy of CIA's search and all withholdings.  CIA acknowledged this appeal on 6 December 2010.

90.     On 27 June 2011 CIA affirmed all of its initial withholdings.  This letter made no mention of NSC's appeal of the adequacy of CIA's search.

91.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## EIGHTH CAUSE OF ACTION

### (CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2012-00548)

92.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

93.     On 4 January 2012 NSC submitted to CIA a FOIA request for multiple exhibits from the case *Boening v. CIA*, No. 07-430 (D.D.C.).

94.     On 18 January 2012 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00548.

95.     As of this writing, CIA has not issued a final determination for this request.

96.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

97.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## NINTH CAUSE OF ACTION

## (CIA – ZAID – FOIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 2)

98.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

99.     On 4 January 2012 Zaid submitted to CIA a FOIA request for unredacted copies of briefs he had written in two *Sterling v. Tenet* court cases, No. 01-8073 (S.D.N.Y.) and No. 03-329 (E.D. Va.) (collectively "*Sterling* cases").

100.    CIA has not provided Zaid with an acknowledgement of this request.

101.    As twenty working days have elapsed without a substantive determination by CIA, Zaid has exhausted all required administrative remedies.

102.    Zaid has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by CIA of said right.

## TENTH CAUSE OF ACTION

## (CIA – ZAID – FOIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 3)

103.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

20

104.    On 4 January 2012 Zaid submitted to CIA a FOIA request for records pertaining to the classification of information in the briefs he wrote in the *Sterling* cases.

105.    CIA has not provided Zaid with an acknowledgement of this request.

106.    As twenty working days have elapsed without a substantive determination by CIA, Zaid has exhausted all required administrative remedies.

107.    Zaid has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by CIA of said right.

## ELEVENTH CAUSE OF ACTION

## (CIA – NSC – FOIA – RECORDS DENIAL – F-2012-00545)

108.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

109.    On 4 January 2012 NSC submitted to CIA a FOIA request for all records documenting any loss of records from the destruction of the CIA office in 7 World Trade Center on 11 September 2001.

110.    On 18 January 2012 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00545.  In this letter CIA refused to confirm or deny the existence or nonexistence of any responsive records, citing Exemptions (b)(1) and (b)(3).

111.    On 22 January 2012 NSC appealed this determination.  CIA acknowledged this appeal on 2 February 2012.

112.    As of this writing, CIA has not issued a final determination for this appeal.

113.    As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

114.   NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## TWELFTH CAUSE OF ACTION

### (CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2012-00646)

115.   Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

116.   On 23 January 2012 NSC submitted to CIA a FOIA request for records pertaining to the classification of the existence or nonexistence of records responsive to Request No. F-2012-00545.

117.   On 24 February 2012 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00646.

118.   As of this writing, CIA has not issued a final determination for this request.

119.   As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

120.   NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## THIRTEENTH CAUSE OF ACTION

### (CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 4)

121.   Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

122.   On 19 December 2011 NSC submitted to CIA a FOIA request for records pertaining to the classification of the existence or nonexistence of FOIA requests submitted by Scott Hodes to other government agencies and referred to CIA.

22

123.    CIA has not provided NSC with an acknowledgement of this request.

124.    As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

125.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

<u>**FOURTEENTH CAUSE OF ACTION**</u>

<u>**(CIA – SACK – FOIA – ELECTRONIC RECORDS DENIAL – F-2012-00431)**</u>

126.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

127.    On 12 December 2011 Sack submitted to CIA a FOIA request for the Fall 1961 *Studies in Intelligence* Letter to the Editor entitled "Reservations on the Polygraph." Sack specifically requested that the record be provided in electronic format.

128.    On 21 December 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00431.  In this letter CIA stated that this record had been previously released and enclosed an unredacted paper copy.

129.    On 29 December 2011 Sack appealed CIA's refusal to provide her the electronic record she requested.

130.    As of this writing, CIA has not issued a final determination for this appeal.

131.    As twenty working days have elapsed without a substantive determination by CIA, Sack has exhausted all required administrative remedies.

132.    Sack has a legal right under FOIA to obtain this record in the electronic format she requested, and there is no legal basis for the denial by CIA of said right.

23

## FIFTEENTH CAUSE OF ACTION

## (CIA – ALL – FOIA – REFUSING TO PROVIDE ELECTRONIC RECORDS)

133.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

134.    Plaintiffs have never received electronic records from CIA in response to FOIA requests.  Other frequent FOIA requesters, including the National Security Archive, Steven Aftergood, and Michael Ravnitzky, who between them have filed thousands of FOIA requests with CIA, have confirmed that they have never received electronic records from CIA in response to FOIA requests.

135.    CIA admits that it has a blanket policy of considering every record "not readily reproducible in electronic format" with the exception of a select few categories of frequently requested records.  CIA defends this policy with the argument that its FOIA processing software is only located on its classified computer system, and that after processing records for release using that software it is unduly burdensome to then remove the records from the classified system and burn them to digital media.  *See generally* CIA's filings in Case Nos. 11-443, 11-444.

136.    A policy, practice, or SOP of refusing to provide *any* releasable records in electronic format (with the exception of a select few predefined categories) is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

137.    Plaintiffs stand to continue to be harmed by this ongoing policy in the future, as they regularly file FOIA requests with CIA and will continue to do so in the future.

138.    Plaintiffs are therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA to utilize a more reasonable FOIA processing system that is in compliance with the electronic records provision of FOIA.

## SIXTEENTH CAUSE OF ACTION

## (CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-01679)

139.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

140.    On 20 June 2011 NSC submitted to CIA a FOIA request for records pertaining to the search tools and indices available to the components in the Director of the Central Intelligence Agency Area ("DCIA Area") for conducting searches of their respective records in response to FOIA requests.

141.    On 30 June 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2011-01679.  In this letter, CIA stated, "We will search for records existing through the date of this acceptance letter."

142.    On 28 December 2011 NSC sent a letter containing the following to CIA:

I am writing to clarify that, with respect to Request No. F-2011-01679, *any* document which contains responsive information is to be processed as "responsive" to this request *in its entirety*.  In other words, you are *not* allowed to redact information from responsive documents as "non-responsive."  If there was any doubt before as to the intended scope of this request, there should be none now; Request No. F-2011-01679 is for any and all records *in their entirety* which contain information described in the initial request letter.

Furthermore, as six months have passed without a response from you since your first acknowledgement letter, we formally object to the use of 30 June 2011 as a cut-off date for your search.  In light of this, we expect that you will use the date that you commence(d) the search as a more appropriate cut-off date.

143.    As of this writing, CIA has not issued a final determination for this request.

144.    As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

145.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.  NSC has a further legal right under FOIA to the use of a reasonable "cut-off" date by CIA, and a blanket date-of-acceptance-letter cut-off date does not satisfy that right.

## SEVENTEENTH CAUSE OF ACTION

## (CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2012-00522)

146.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

147.    In response to NSC's Request No. F-2011-00682, CIA released two redacted documents, MORI Nos. C05665569 and C05665570.  A significant amount of information was redacted from these two documents as "non-responsive" to that request.

148.    On 28 December 2011 NSC submitted to CIA a FOIA request for the portions of Documents C05665569 and C05665570 withheld from Request No. F-2011-00682 as "non-responsive."

149.    On 22 February 2012 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00522.

26

150.    As of this writing, CIA has not issued a final determination for this request.

151.    As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

152.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

### EIGHTEENTH CAUSE OF ACTION

### (CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-01678)

153.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

154.    On 20 June 2011 NSC submitted to CIA a FOIA request for copies of the five most recent memoranda or policy statements created by the CIA Information and Management Services ("IMS") office for distribution within IMS.

155.    On 30 June 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2011-01678.  In this letter, CIA stated, "We will search for records existing through the date of this acceptance letter."

156.    As of this writing, CIA has not issued a final determination for this request.

157.    As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

158.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.  NSC has a further legal right under FOIA to the use of a reasonable "cut-off" date by CIA, and a blanket date-of-acceptance-letter cut-off date does not satisfy that right.

27

**NINETEENTH CAUSE OF ACTION**

**(CIA – NSC – FOIA – RECORDS DENIAL – F-2011-02159)**

159.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

160.    On 31 August 2011 CIA responded to NSC's FOIA Request No. F-2011-01010 with a letter which stated, in pertinent part, "Further, the review of such records would impose an excessive and unreasonable burden on the Agency, and pursuant to relevant precedent, we must decline to process such requests."

161.    On 6 September 2011 NSC submitted to CIA a FOIA request for records pertaining to the "relevant precedent" to which this letter referred.  This request also specified that if this language was drawn from a repository of template language, the entire repository of template language was to be considered responsive to the request, and none of it was to be considered "non-responsive."

162.    On 29 September 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2011-02159.

163.    On 21 October 2011 CIA released one document comprised solely of the paragraph which had been used in the response letter to Request No. F-2011-01010.  CIA withheld an unknown number of other records in their entirety citing Exemptions (b)(3) and (b)(5).  CIA did not list the records withheld in their entirety, nor did it explain why it had not included the remainder of the repository of this template language.

164.    On 29 December 2011 NSC sent a letter containing the following to CIA, following an appropriate string of case law citations:

28

Your letter provided no information regarding the nature of the records being withheld in their entirety.  While it is equally well-established that an agency does not have to provide the level of detail of a *Vaughn* index at the administrative stage, it must provide *something* which identifies the records being withheld and describes the reasons for their withholding in general terms.  For purposes of Exemption (b)(5), that would entail identifying which privileges (e.g., deliberative process, attorney-client, attorney work product) are being claimed.  Therefore, please provide us with such a list in a prompt fashion so that we may reach an intelligent decision regarding our appeal strategy, including whether or not to appeal the adequacy of your search.  Until we obtain such a list, we do not consider your response to constitute a proper final determination response and reject your appeal deadline.

165.    As of this writing, CIA has not responded to this letter.

166.    An agency denial letter is legally insufficient if it does not provide an estimate of the volume of any denied matter to the person making the request.  The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers.   CIA's denial letter contained no such estimate.

167.    As twenty working days have elapsed without a substantive determination by CIA which meets the volume estimate requirement of FOIA, let alone the requirements of *Shermco Industries v. Secretary of the U.S. Air Force*, 452 F. Supp. 306 (N.D. Tx. 1978), and its progeny, NSC has exhausted all required administrative remedies.

168.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## TWENTIETH CAUSE OF ACTION

### (CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – F-2012-00544)

169.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

170.    On 4 January 2012 NSC submitted to CIA a FOIA request for all template language used by CIA FOIA analysts to compose response letters to FOIA requesters.

171.    On 20 January 2012 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00544.  CIA stated that it was processing a request for the same records from another requester, although it did not state what cut-off date it used for the previous request.

172.    Further research has revealed that CIA is using 10 November 2011 as the cut-off date for the previous request, Request No. F-2012-00105.

173.    As of this writing, CIA has not issued a final determination for this request.

174.    As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

175.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.  NSC has a further legal right under FOIA to the use of a reasonable "cut-off" date by CIA, and there is no legal basis for CIA to simply provide records which have been processed for a previous requester using a cut-off date which predates NSC's request.

## TWENTY-FIRST CAUSE OF ACTION

## (CIA – SACK – FOIA – RECORDS DENIAL – F-2011-02158)

176.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

177.    On 6 September 2011 Sack submitted to CIA a FOIA request for thirty-two specified documents currently published in the CIA Records Search Tool ("CREST"), an electronic database housed at the National Archives and Records Administration but maintained by CIA.  This request letter stated, "[R]ecords which are currently published in CREST in redacted form should be reviewed for full release under FOIA."  Sack requested a public interest fee waiver and electronic records.

178.    On 13 September 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2011-02158.  CIA released paper copies of the redacted versions of the thirty-two documents which were published in CREST.  In this letter CIA also denied Sack's request for a public interest fee waiver and assessed a duplication fee of $13, stating that there could be no public interest in releasing records which were already published in CREST.

179.    On 26 September 2011 Sack appealed all redactions in the thirty-two documents, indicating that she had requested that all redacted records be processed fully for release under FOIA.  Sack also appealed CIA's fee waiver denial, but paid $13 as an act of good faith with the expectation that it would be returned if her appeal was granted.

180.    On 18 October 2011 CIA responded to Sack's appeal, stating, in pertinent part:

It was not clear that you were requesting a re-review of these documents when your request clearly (and boldly) requested the above subject.  However, we can open a new request to address this re-review if you wish.

31

Please be advised that you were not given appeal rights in the earlier response, and, as such, we cannot accept your appeal. That request was a search in our previously released database containing records already released in connection with a different program.

181.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right. Specifically, there is no legal basis for CIA to simply provide records which had been previously processed when Sack explicitly specified in her initial request letter that all records currently published in redacted form were to be re-processed for release under FOIA.

182.     Similarly, as CIA's denial of Sack's request for a public interest fee waiver was predicated on an incorrect assumption that she had requested the thirty-two records *as they were published in CREST*, Sack has a legal right under FOIA to receive a public interest fee waiver, and there is no legal basis for the denial by CIA of said right.

## **TWENTY-SECOND CAUSE OF ACTION**

## **(CIA – NSC – FOIA – RECORDS DENIAL – F-2012-00080)**

183.     Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

184.     On 4 May 2010 NSC submitted to CIA a FOIA request for, *inter alia*, "[t]he 15 FOIA requests received by the Central Intelligence Agency ("CIA") during Fiscal Year 2008 that were classified as 'full denials' because the 'Records [were] not Reasonably Described' in Section V, Chart B(1) on Page 8 of the 2008 Annual Report, *available at* http://www.foia.cia.gov/txt/annual_report_2008.pdf."

185.   By telephone on 5 May 2010, CIA acknowledged receipt of this request and assigned it Request No. F-2010-01116.

186.   By telephone on 7 August 2010, NSC and CIA agreed to combine this request with Request No. F-2010-01117 and eliminate Request No. F-2010-01116.  By letter dated 17 November 2010, CIA memorialized the terms of the 7 August 2010 telephone call.

187.   On 28 February 2011 NSC filed suit in the case *National Security Counselors v. CIA*, No. 11-444.  Count 17 of that complaint consisted of a constructive denial FOIA count for the merged Request No. F-2010-01117.

188.   On 31 August 2011 CIA provided NSC with records responsive to the merged Request No. F-2010-01117.  CIA's response did not indicate which records were responsive to Request No. F-2010-01116 and which were responsive to the original, non-merged F-2010-01117.

189.   Because it is not possible to discern from the records themselves which records are responsive to which request, NSC asked CIA several times to identify the fifteen records which were responsive to Request No. F-2010-01116.  CIA refused to provide any clarification, citing the fact that the requests had been combined with NSC's consent.

190.   On 12 October 2011 NSC therefore submitted to CIA a FOIA request for the first page of the initial response letter for each of the fifteen FOIA requests identified in Request No. F-2010-01116.  NSC further stated, "[I]f you prefer to just provide us with a list of the fifteen requests so referenced in the 2008 Annual Report, we will accept that in lieu of the [requested] records."

191.    On 31 October 2011 CIA acknowledged receipt of this request and assigned it Request No. F-2012-00080.  CIA refused to process the request, stating that it was a duplicate of one of the line items of the merged Request No. F-2010-01117.

192.    On 4 November 2011 NSC wrote the following to CIA:

We have received your letter dated 31 October 2011 regarding the above indicated request.  We are aware that this request is a duplicate of part of Request #F-2010-01117; we in fact *said so in the request letter*.  We also explained quite clearly that the information we are seeking is documentation allowing us to determine *which* of the records that you released on 31 August 2011 were responsive to Item 3 of that request.  To quote:

To assist in your search, these records were already identified and released in response to Request Nos. F-2010-01116 and F-2010-01117.  However, you combined those two requests into one (F-2010-01117), and when you released the records you did not specify which records were responsive to F-2010-01116 and which were responsive to F-2010-01117.  You subsequently refused to provide any clarification on that note, necessitating the filing of this FOIA request.  However, if you prefer to just provide us with a list of the fifteen requests so referenced in the 2008 Annual Report, we will accept that in lieu of the above records.

We therefore appeal your decision to not provide us with the responsive records we requested.  As you can see, the responsive records taken as a whole in the context of this request provide us with information that we were not able to determine from your 31 August 2011 release.  Because the CIA refused (through

its attorney) to provide this information to us when we asked during the course of
the litigation over Request No. F-2010-01117, and because the CIA would reject a
request in which we asked "Which requests were referenced in Section V, Chart
B(1) of the 2008 Annual Report as 'full denials' because the '[r]ecords were not
reasonably described?'" on the grounds that FOIA does not require agencies to
answer questions, we have no alternative but to re-request these fifteen pages  by
themselves with no other documents so that we can determine the answer for
ourselves.

193.    On 20 January 2012 CIA refused to accept NSC's appeal, stating: "Your initial
request was not processed, therefore, there are no administrative appeal rights and we cannot
accept your appeal.  You are encouraged, however, to refine the scope of your request and submit
it anew at any time."  NSC subsequently sent a fax to CIA requesting to speak with Susan
Viscuso, CIA's FOIA Public Liaison, regarding this request and also left two voice mail
messages for her.  Neither Ms. Viscuso nor anyone else from CIA has contacted NSC about this
request.

194.    NSC has a legal right under FOIA to obtain the information it seeks, and there is
no legal basis for the denial by CIA of said right.  Specifically, there is no legal basis for CIA to
refuse to process a request because the records were already provided to NSC, when the new
request specified that NSC was requesting records *which would identify* which of the hundreds of
records responsive to Request No. F-2010-01117 were the fifteen requests specifically mentioned
in the 2008 Annual Report.

**TWENTY-THIRD CAUSE OF ACTION**

**(ODNI – NSC – FOIA – RECORDS DENIAL – DF-2010-00136)**

195.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

196.    On 27 September 2010 NSC submitted to ODNI a FOIA request for all records describing, discussing, implementing, or authorizing delegations or authorizations made by the ODNI to other government agencies that allow them to take independent action to "protect intelligence sources and methods" pursuant to 50 U.S.C. § 403-1(i).

197.    On 20 October 2010 ODNI acknowledged receipt of this request and assigned it Request No. DF-2010-00136.

198.    On 24 October 2011 ODNI released four documents to NSC and withheld thirteen documents citing Exemptions (b)(1), (b)(2), (b)(3), (b)(5), and (b)(6).

199.    On 12 December 2011 NSC appealed the adequacy of ODNI's search and all withholdings.

200.    As of this writing, ODNI has not issued a final determination for this appeal.

201.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by ODNI of said right.

**TWENTY-FOURTH CAUSE OF ACTION**

**(CIA – NSC – FOIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 5)**

202.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

203.    On 27 January 2012 NSC submitted to CIA a FOIA request for memoranda from the Director of National Intelligence ("DNI") authorizing the Director of the CIA ("D/CIA") to

take measures to ensure that intelligence sources and methods are protected during the course of the litigation of the ten court cases.

204.    CIA has not provided NSC with an acknowledgement of this request.

205.    As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

206.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## TWENTY-FIFTH CAUSE OF ACTION

## (CIA – ALL – FOIA – INVOKING EXEMPTION (B)(3) WITHOUT AUTHORIZATION)

207.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

208.    Prior to 2004, the National Security Act vested the Director of Central Intelligence ("DCI") with the authority to protect intelligence sources and methods.

209.    In 2004, the Intelligence Reform and Terrorism Prevention Act ("IRTPA") transferred this authority to make such a decision from the DCI to the newly-created DNI.

210.    After 2004, CIA would only have the authority to invoke the "protect intelligence sources and methods" clause of the National Security Act as an Exemption (b)(3) withholding statute in one of two instances: (1) it consulted with ODNI in each instance and ODNI authorized each invocation; or (2) ODNI authorized CIA to independently make such invocations.

211.    Since 2004, CIA has repeatedly invoked the "protect intelligence sources and methods" clause of the National Security Act as an Exemption (b)(3) withholding statute.

212.    Each of the four records released by ODNI in response to Request No. DF-2010-00136 was a memorandum specifically authorizing another government agency to take all

necessary and appropriate measures to ensure that sources and methods are protected during the course of the litigation of a single specified court case. All four have been posted online at http://www.nationalsecuritylaw.org/files/received/ODNI/4_S-M_delegations.pdf. One such memorandum was a specific authorization to the D/CIA to protect intelligence sources and methods in the case *Amnesty International v. CIA*.

213.    An ODNI representative informed NSC that all of the thirteen withheld records were also case-specific authorizations of this nature and that no overarching agreements or Memoranda of Understanding were located. ODNI utilized a cut-off date of 3 October 2011 when conducting this search.

214.    CIA possesses no independent authority to withhold records from FOIA requests under Exemption (b)(3) to protect intelligence sources and methods. The Exemption (b)(3) withholding statute cited for these exemptions, the National Security Act, specifically gives that authority solely to the DNI. Congress expressly removed this authority from CIA with the passage of the IRTPA.

215.    Upon information and belief, the DNI has not authorized CIA to independently invoke the National Security Act as an Exemption (b)(3) withholding statute to protect intelligence sources and methods whenever it sees fit. Had he done so, such a record would have been located in the search for records responsive to Request No. DF-2010-00136. Also, had he done so, there would have been no need for the specific authorization in the *Amnesty International* case.

216.    Therefore, every time CIA invokes the "intelligence sources and methods" language of the National Security Act as an Exemption (b)(3) withholding statute at the

administrative stage, it is doing so without authorization from the agency vested with that authority.

217.    A policy, practice, or SOP of invoking an Exemption (b)(3) withholding statute without proper authorization is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

218.    Plaintiffs stand to continue to be harmed by this ongoing policy in the future, as they regularly file FOIA requests with CIA (many of which CIA denies citing this "intelligence sources and methods" language) and will continue to do so in the future.

219.    Plaintiffs are therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction prohibiting CIA from invoking the "intelligence sources and methods" language of the National Security Act without specific authorization or delegation of such authority from the DNI.

## TWENTY-SIXTH CAUSE OF ACTION

### (CIA – NSC – FOIA – RECORDS DENIAL – F-2011-01891, F-2011-01953, F-2012-00318)

220.    Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

221.    On 20 October 2010 NSC submitted to ODNI a FOIA request for all FOIA Referral Memos sent to other government agencies in Fiscal Year 2010 and any subsequent correspondence with the agencies regarding these memos or the records to which they refer.

222.    On 20 July 2011 ODNI referred an unknown amount of CIA material to CIA for review and direct response to NSC.  CIA assigned this referral Request No. F-2011-01891.

223.    On 1 August 2011 ODNI referred an unknown amount of CIA material to CIA for review and direct response to NSC.  CIA assigned this referral Request No. F-2011-01953.

224.    On 1 December 2009 NSC submitted to the Office of the Secretary of Defense ("OSD") a FOIA request for records referencing certain FOIA and Privacy Act requests.

225.    On 4 November 2011 OSD referred an unknown amount of CIA material to CIA for review and direct response to NSC.  CIA assigned this referral Request No. F-2012-00318.

226.    On 28 September 2011 CIA withheld all information from Request No. F-2011-01953 citing Exemptions (b)(3) and (b)(5).

227.    On 8 December 2011 NSC appealed all withholdings from Request No. F-2011-01953.  CIA acknowledged this appeal on 23 December 2011.

228.    As of this writing, CIA has not issued a final determination for this appeal.

229.    On 13 March 2012 CIA withheld all information from Request No. F-2011-01891 citing Exemptions (b)(3) and (b)(5).

230.    On 15 March 2012 CIA withheld all information from Request No. F-2012-00318 citing Exemptions (b)(3) and (b)(5).

231.    An agency denial letter is legally insufficient if it does not provide an estimate of the volume of any denied matter to the person making the request.  The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers.   CIA's denial letters for Request Nos. F-2011-01891 and F-2012-00318 contained no such estimates.

232.    As twenty working days have elapsed without a substantive determination by CIA which meets the volume estimate requirement of FOIA for any of these three requests, NSC has exhausted all required administrative remedies.

233.    NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs National Security Counselors, Kathryn Sack, Jeffrey Stein, and Mark Zaid, and where appropriate all other similarly situated individuals, pray that this Court:

(1)    Declare and find that the Central Intelligence Agency's attempt to promulgate a new MDR regulation without notice and comment is a violation of federal law, and that this violation was intentional and/or willful;

(2)    Declare and find that the regulatory modifications attempted in 76 Fed. Reg. 59032 are null and void;

(3)    Order CIA, in the form of injunctive relief, to process all MDR requests received since 23 September 2011 accordingly;

(4)    Declare and find that a policy of charging fees to MDR requesters is a violation of the IOAA and/or the APA, and that this violation was intentional and/or willful;

(5)    Order CIA to publicly announce, including on its website, that it has discontinued enforcement of its policy of requiring an upfront commitment from MDR requesters to pay applicable fees;

(6)    Prohibit CIA, in the form of injunctive relief, from promulgating new regulations authorizing it to charge MDR requesters for the processing of their requests;

(7)     Order CIA to contact every MDR requester who is part of the class and offer the opportunity to reinstate their respective requests and then process accordingly;

(8)     Declare and find that CIA violated FOIA by refusing to provide two free hours of search time to "all other" requesters who refused to pay fees, and that this violation was intentional and/or willful;

(9)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize the refusal to provide two free hours of search time for "all other" requesters who refuse to pay any fees constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(10)     Order CIA, in the form of injunctive relief, to provide two free hours of search time to "all other" requesters who refuse to pay any fees and to amend its regulations, guidelines, and policy statements accordingly;

(11)     Declare and find that CIA violated FOIA by counting time spent by computers performing automated searches for fee purposes, and that this violation was intentional and/or willful;

(12)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize counting time spent by computers performing automated searches for fee purposes constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(13)     Order CIA, in the form of injunctive relief, not to count time spent by computers performing automated searches for fee purposes and to amend its regulations, guidelines, and policy statements accordingly;

(14)     Declare and find that CIA violated FOIA by refusing to provide any releasable records in electronic format (with the exception of a select few predefined categories), and that this violation was intentional and/or willful;

(15)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize refusing to provide any releasable records in electronic format (with the exception of a select few predefined categories) constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(16)     Order CIA, in the form of injunctive relief, to utilize a more reasonable FOIA processing system that is in compliance with the electronic records provision of FOIA and to amend its regulations, guidelines, and policy statements accordingly;

(17)     Declare and find that CIA violated FOIA by invoking the "protect intelligence sources and methods" provision of the National Security Act as an Exemption (b)(3) withholding statute without proper authorization or delegated authority from the Director of National Intelligence, and that this violation was intentional and/or willful;

(18)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize withholding information from FOIA requests under the "protect intelligence sources and methods" provision of the National Security Act without proper authorization from the DNI constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(19)     Prohibit CIA, in the form of injunctive relief, from invoking the "protect intelligence sources and methods" provision of the National Security Act to withhold information from FOIA requests without specific authorization or delegation of such authority from the DNI and to amend its regulations, guidelines, and policy statements accordingly;

(20)     Order CIA and the Office of the Director of National Intelligence to disclose the

requested records in their entirety and make copies promptly available to Plaintiffs in electronic

format when so requested;

(21)     Order preliminary and permanent injunctive and/or declaratory relief as may be

appropriate;

(22)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. §

552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(23)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(24)     Grant such other relief as the Court may deem just and proper.

Date:   March 21, 2012

Respectfully submitted,


/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

Bradley P. Moss, Esq.
D.C. Bar #975905
Law Office of Mark S. Zaid, P.C.
1250 Connecticut Avenue, NW
Suite 200
Washington, DC  20036
202-454-2809
202-330-5610 fax
Brad@MarkZaid.com

*Counsel for Plaintiffs*